UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICIA LaBRECQUE, as mother and  )
next friend of T.N.,               )
                                   )
        Plaintiff                  )
                                   )
v.                                 )    Docket No. 06-56-P-S
                                   )
SCHOOL ADMINISTRATIVE              )
DISTRICT NO. 57,                   )
                                   )
        Defendant                  )

### RECOMMENDED DECISION ON MOTION TO REMAND AND CONDITIONAL DECISION ON MOTION TO CONSOLIDATE

The defendant removed this action from the Maine Superior Court (York County) to this court on March 10, 2006, asserting that this court has original jurisdiction over this action because the plaintiff asserts federal constitutional claims. Notice of Removal (Docket No. 1) ¶¶ 2-3. The defendant then moved to consolidate this action with the case of *LaBrecque v. School Admin. Dist. No. 57, et al.*, Docket No. 06-16-P-S, already pending in this court. Motion to Consolidate, etc. (Docket No. 4). The plaintiff has filed a "reply" to the motion to consolidate which neither objects to the proposed consolidation nor seeks remand to state court, asserting only that "it is not clear" that this court should exercise pendent jurisdiction over the only claim asserted in Docket No. 06-56-P-S, which is raised by its terms only pursuant to Maine Rule of Civil Procedure 80B, and that "this challenge addresses matters of state law, procedures, rights and interests that might be better left to the State to determine." Plaintiffs' [sic] Reply to Motion to Consolidate (Docket No. 6), at 1-2.

Because I was concerned about this court's subject-matter jurisdiction over the instant case due to the fact that the complaint asserts claims solely through the procedural mechanism of Rule 80B

1

of the Maine Rules of Civil Procedure and does not mention 42 U.S.C. § 1983, the procedural mechanism for bringing such claims in federal court, Rule 80B Complaint (Attachment 2 to Affidavit of Melissa A. Hewey (Docket No. 2)), on March 24, 2006 I convened a telephone conference of counsel at which two issues were discussed: (i) whether the plaintiff continued to perceive the need to pursue this action in light of the pendency of Docket No. 06-16-P-S, including the count asserted therein under Me.R.Civ.P. 80B, and (ii) the basis for this court's subject-matter jurisdiction over Docket No. 06-56-P-S.  Docket No. 8.  It was agreed as a result of this conference that unless the parties filed a stipulation of dismissal of this action (Docket No. 06-56-P-S) by April 5, 2006, each of them would file, by April 19, 2006, a memorandum of law, including citations and supporting authorities, addressing this court's jurisdiction over the subject matter of this stand-alone action.  *Id*.

Both parties filed documents on April 19.  Docket Nos. 10 & 11.  The defendant's memorandum, which takes the position that this court does have the necessary subject-matter jurisdiction, addresses the absence of any mention of section 1983 in the relevant complaint only indirectly.  Maine School Administrative District No. 57's Memorandum Regarding Subject Matter Jurisdiction (Docket No. 10) at 7-10.  The plaintiff has now filed a motion to remand.  Plaintiffs' [sic] Motion to Remand Their [sic] 80B Complaint, etc. ("Motion to Remand") (Docket No. 11).  The motion includes discussion of the plaintiff's contention that this court does not have subject-matter jurisdiction over the Rule 80B Complaint, although it does not mention section 1983.  *Id*. at 3-6.  The filing of a motion sets in motion the scheduling of a possible opposition and a reply by the filing party, which further delayed resolution of this matter.  That process is now complete.

Counsel for the plaintiff asserts that the federal-law claims included in the Rule 80B Complaint "were erroneously included obfuscating the true essence of the 80B Complaint, which is the legality of the actions and decisions of a Maine School Board and Maine School Administrators under

2

Maine law." *Id*. at 4. Counsel represents that "[i]f the 80B Complaint is remanded, . . . the 80B Count in the First Amended Complaint in [Docket No. 06-16-P-S] . . . will be dismissed" and, after remand, the complaint in the Rule 80B case "will be cleaned up so that it is clear that the federal constitutional claims are not at issue in the Complaint." *Id*. at 5. This court cannot act on the basis of promises of future conduct by counsel for a party; it can only act on pleadings as they stand before the court at the time of the action.[1]

The federal statute authorizing removal of state-court actions to federal court does so only when the action brought in the state court is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This court obviously has original jurisdiction over federal constitutional claims, but such claims can only be asserted through 42 U.S.C. § 1983, which is not mentioned in the state-court complaint in this action. Section 1983 is the means by which that jurisdiction is exercised.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). In *City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997), federal constitutional claims were raised by way of a cause of action created by state law, and the Supreme Court held that the plaintiff thereby subjected itself to the possibility that the defendant would remove the case to the federal courts. *Id*. at 164. A claim may not be kept out of federal court "simply because [it] appear[s] in state raiment." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363, 2368 (2005). In *Theriault v. University of S. Me.*, 353 F.Supp.2d 1 (D. Me. 2004), I

---

[1] Both the plaintiff's response to the motion to consolidate and her motion to remand quote Me.R.Civ.P. 80C, Plaintiffs' [sic] Reply to Motion to Consolidate at 5; Motion to Remand at 7, which is not interchangeable with Rule 80B, which is the only state-court rule at issue at this time.

addressed the plaintiff's federal constitutional claims despite the fact that her complaint did not mention section 1983. *Id.* at 7. This case law persuades me that the lack of any mention of section 1983 in the Rule 80B Complaint does not deprive this court of jurisdiction over that action, which alleges several federal claims.

The motion to remand adds little of substance to the court's consideration of this issue. This court has jurisdiction over this action as the complaint is currently framed. Judicial economy will be served by retaining this action in this court and consolidating it with Docket No. 06-16-P-S. I recommend that the motion to remand be **DENIED**.

The allegations in Docket No. 06-16-P-S and those in Docket No. 06-56-P-S clearly involve common questions of both law and fact and accordingly meet the requirements for consolidation set forth in Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated . . . ."). Therefore, if my recommendation that the motion to remand be denied is adopted, I **GRANT** the motion to consolidate. In that event, the lead case shall be Docket No. 06-16-P-S and the scheduling order issued in that case shall apply to the consolidated cases. If the court grants the motion to remand, the motion to consolidate will be moot.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 2d day of May, 2006.

4

                /s/ David M. Cohen
                David M. Cohen
                United States Magistrate Judge